Shan Zhu, Esq.
HANG & ASSOCIATES, PLLC
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ye Zhao Jun, *Individually and on Behalf of All Other Employees Similarly Situated,*<br><br>*Plaintiff*,<br><br>- against -<br><br>Ocean Bay Seafood Restaurant LLC, d/b/a Ocean Bay Seafood Restaurant, Xing Chu Zheng, "John" Gao (first name unknown)<br><br>*Defendants*. | Case No.<br><br>**COLLECTIVE & CLASS ACTION COMPLAINT** |

Plaintiff Ye Zhao Jun ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendants Ocean Bay Seafood Restaurant LLC ("Corporate Defendant"), Xing Chu Zheng, "John" Gao ("Individual Defendants") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Upon information and belief, Defendants own and operate a successful catering business that has restaurants at 8302 Queens Blvd, Queens, NY 11373.

2. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

1

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

3. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

4. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from Defendants: (i) unpaid minimum wages, (ii) unpaid overtime wages, (iii) liquidated damages, (iv) prejudgment and post-judgment interest; and (v) attorneys' fees and costs.

5. Plaintiff further alleges, pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR"), that he is entitled to recover from the Defendants: (i) unpaid minimum wages, (ii) unpaid overtime compensation, (iii) unpaid "spread of hours" premium for each day they worked an interval in excess of ten hours, (iv) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (v) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid "spread of hours" premium, pursuant to the NY Wage Theft Prevention Act, (vi) prejudgment and post-judgment interest, and (vii) attorney's fees and costs.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

9. Upon information and belief, Plaintiff is an individual residing in Queens County, New York.

10. Upon information and belief, from in or about May 11, 2021 to July 20, 2021, Plaintiff was employed as a dishwasher by Defendants' restaurant Ocean Bay Seafood Restaurant, located at 8302 Queens Blvd, Queens, NY 11373.

**DEFENDANTS**

*Corporate Defendants*

11. Upon information and belief, Defendants operate a restaurant doing business as Ocean Bay Seafood Restaurant with a principal place of business at 8302 Queens Blvd, Queens, NY 11373.

12. Upon information and belief, Defendant Ocean Bay Seafood Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal business address at 8302 Queens Blvd, Queens, NY 11373.

13. Upon information and belief, at all times relevant hereto Defendants Ocean Bay Seafood Restaurant LLC is a business or enterprise engaged in interstate commerce employing more than ten (10) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

14. Upon information and belief, employees of Defendant Ocean Bay Seafood Restaurant were regularly involved in interstate commerce. For instance, Ocean Bay Seafood

Restaurant has employees who perform duties including purchasing and handling equipment and supplies originated outside the State of New York.

*Individual Defendants*

15. Individual Defendants are an officer, director, manager and/or majority shareholder or owner of Corporate Defendant, are jointly and severally liable for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NY BCL§ 630(a).

16. Upon information and belief, Defendant Xing Chu Zheng has an address at 54-63 161st Street, Apartment 3R, Flushing, New York, 11358.

17. Upon information and belief, Defendant Xing Chu Zheng is or was the owner of Corporate Defendant and participates or participated in the day-to-day operations of Corporate Defendant and acted intentionally and maliciously. Defendant Zheng is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

18. Upon information and belief, Defendant Zheng owns or owned the stock of Corporate Defendant and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Zheng is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

19. Upon information and belief, Defendant Zheng determines or determined the wages and compensation of the employees of Corporate Defendant, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

20. Upon information and belief, Defendant "John" Gao is the manager of Corporate Defendant and participates or participated in the day-to-day operations of Corporate Defendant and acted intentionally and maliciously. Defendant Goa is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

21. Upon information and belief, Defendant Gao owns or owned the stock of Corporate Defendant and manages and makes or managed and made all business decisions for Corporate Defendants, including, but not limited to, the amount in salary the employees receive and the number of hours employees work; and being or having been amongst the ten largest corporate shareholders, Defendant Gao is individually liable for unpaid wages under the New York Business Corporation Law Section 630.

22. Upon information and belief, Defendant Gao determines or determined the wages and compensation of the employees of Corporate Defendant, including Plaintiff, establishes or established work schedules and workload of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

23. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of all other and former nonexempt employees who are or were employed by Defendants at their store locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members").

25. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and the precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of Defendants.

26. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

27. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

28. This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would, as a practical matter, be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impedes such other members' ability to protect their interests.

29. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy as the joinder of all members is impracticable. Inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense

6

and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

30. Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants "employed" Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants' violations of the FLSA are "willful" as the terms is used within the context of the FLSA; and,

    c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

31. Upon information and belief, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

32. Upon information and belief, Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

33. Plaintiff bring his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants restaurant doing

business as Ocean Bay Seafood Restaurant, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

34. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, the names and addresses of Class members are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

35. The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the class.

36. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of unlawful tip pooling and/or retention. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39. Upon information and belief, most of the Class members would not likely to file individual suit against Defendants. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

40. There are questions of law and fact common to the Class which predominates over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. Whether Defendants maintained a policy, pattern and/or practice of gratuity violations to Plaintiff and the Rule 23 Class according to NYLL;

   c. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

   d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF FACTS

41. Defendants committed the following alleged acts knowingly, intentionally and willfully.

42. Upon information and belief, before March 2020 Defendants operate a restaurant business and had at 8302 Queens Blvd., Queens, New York 11373.

43. During all relevant time, individual Xing Chu Zheng has been managing the restaurant.

**Failure to pay wages and provided notices**

44. Upon information and belief, Defendants knew that the nonpayment of minimum wage, overtime pay, and spread of hours pay, and failure to provide the required wage notice at the time of hiring and to furnish wage statements with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

45. Upon information and belief, from in or about May 11, 2021, Defendants hired Plaintiff Jun as a dishwasher. During Plaintiff Jun's employment, he worked at Ocean Bay Seafood Restaurant at 8302 Queens Blvd., New York, 11373.

46. From May 11, 2021 to May 25, 2021, Plaintiff Jun regularly worked seven days a week. On each work days, Plaintiff Jun worked from 11:00 am to 10:00 pm. Plaintiff Cao did not have uninterrupted meal breaks on workdays. Accordingly, Plaintiff Cao regularly worked seventy seven (77) hours per week.

47. From May 26, 2021 to July 20, 2021, Plaintiff Jun regularly worked six days a week with Fridays off. On each work days, Plaintiff Jun worked from 11:00 am to 10:00 pm. Plaintiff Cao did not have uninterrupted meal breaks on workdays. Accordingly, Plaintiff Cao regularly worked sixty six (66) hours per week.

48. Upon information and belief, throughout Plaintiff Jun's employment with Defendants, Defendants did not utilize time tracking devices to record all hours worked by Plaintiff Jun.

49. Throughout his employment, Plaintiff Jun was paid a fixed amount of $1,200.00 in cash on 2nd and 16th of each month regardless of the hours he worked.

11

50. Upon information and belief, throughout his employment with Defendants, Plaintiff Jun was not compensated for all hours worked over forty (40) in each workweek in accordance to state and federal laws.

51. Throughout his employment with Defendants, Plaintiff Jun was not overtime-exempt under federal and state laws.

52. Plaintiff Jun was not provided a written wage notice upon hiring, in English and in Chinese (the primary language identified by Plaintiff Jun), containing information including, but not limited to, her rate of pay and basis thereof, allowances, including tip and meal credits, claimed by Defendants, the regular pay day designated by Defendants.

53. Upon information and belief, Defendants did not provide Plaintiff Jun with a wage statement with every wage payment.

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiff and the FLSA Collective]**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

56. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

57. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

59. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

60. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
**[Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]**

62. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

65. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

68. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

69. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

70. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek,

which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

71. The FLSA and supporting regulations required employers to notify employees of employment law require employers to notify employment law requirements. 29 C.F.R. §516.4.

72. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

73. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay Brought on behalf of Plaintiff and the Rule 23 Class]

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

76. Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime premiums violated the NYLL.

77. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread-of-Hour Pay]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. The NYLL and supporting regulations require employers to pay employees whose workday begins and ends more than 10 hours apart an extra hour of pay, known as the spread-of-our rate. An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage for any day in which the "spread of hours" exceeds 10 hours or there is a "split shift", which includes all time working, time off for meals, and any off-duty time during or between shifts.12 N.Y.C.R.R. §142-2.4

80. Pursuant to the New York Wage Theft Prevention Act (hereinafter "NYWTPA"), an employer who fails to pay proper the spread of hours compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

81. Defendants' failure to give Plaintiff the spread-of-hours compensation, for days Plaintiff worked more than ten hours, violated the NYCRR §142-2.4.

82. Defendants have acted willfully and have either known that their conduct violated the NYLL and NYCRR or have shown a reckless disregard for the matter of whether their conduct violated the NYLL and NYCRR. Defendants have not acted in good faith with respect to the conduct alleged herein.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

85. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

86. Defendants not only did not provide notice to each employee at time of hire but also failed to provide notice to Plaintiff thereafter.

87. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

90. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

91. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and

        permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages, minimum wages and overtime premiums due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of one hundred percent of the underpayment under NY Wage Theft Prevention Act, and interest;

i)      An award of unpaid spread-of-hour pay due under New York Labor Law, pls compensatory and liquidated damages in the amount of one hundred percent of the underpayment under NY Wage Theft Prevention Act, and interest;

j)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law;

k)      An award of damages for Defendant's failure to provide correct wage statements with every payment of wages as required under the New York Labor Law;

l)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
August 6, 2021

          Respectfully Submitted,

          HANG & ASSOCIATES, PLLC
          *Attorneys for Plaintiff, Proposed FLSA*
          *Collective and Potential Rule 23 Class*

          By: /s/ Shan Zhu_____
          Shan Zhu
          136-20 38th Ave. Suite 10G
          Flushing, NY 11354
          Tel: (718) 353-8588
          Fax: (718) 353-6288
          Email: szhu@hanglaw.com